# In the United States Court of Federal Claims

No. 20-417T
Filed: June 29, 2021
Reissued: July 14, 2021[*]

---

**KERRY J. MILLS,**

    *Plaintiff*,

v.

**UNITED STATES,**

    *Defendant.*

---

*Katherine Barnes*, Barnes & Hunt PLLC, Dallas, TX, for the plaintiff.

*Jennifer Dover Spriggs*, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., *Mary M. Abate*, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, of counsel, for the defendant.

## MEMORANDUM OPINION

***HERTLING*, Judge**

    Kerry J. Mills filed this action seeking a tax refund for tax years 2015 and 2016. He claims that for each of those years he was entitled both to a Foreign Earned Income Exclusion ("FEIE") and to a tax exclusion for employer-provided lodging. Claiming these entitlements, the plaintiff has twice filed amended returns for 2015 and 2016 as refund claims with the Internal Revenue Service ("IRS"). After learning that his first amended returns were defective because they lacked his signature, the plaintiff sought to cure the defect by digitally marking a second set of amended returns on the signature line, intending those digital marks to be his signature. The IRS has not refunded any money to the plaintiff based on his amended returns.

    The defendant, the United States, acting through the IRS, has moved to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). The defendant argues that the plaintiff's refund claims

---

[*]Pursuant to the protective order in this case, the Court initially filed this opinion under seal on June 29, 2021, and directed the parties to propose redactions of confidential or proprietary information by July 13, 2021. The parties have not proposed any redactions. The Court hereby releases in full the memorandum opinion of June 29.

were not duly filed because the plaintiff's digital marks were insufficient to verify the 2015 and 2016 amended returns, and the 2015 amended return also was untimely.

Neither the Internal Revenue Code nor the IRS had authorized the use of digital or electronic signatures on amended tax returns at the time the plaintiff filed his amended returns, so the plaintiff's digital marks do not constitute his signature on his 2015 and 2016 amended returns. As a result, the plaintiff's amended returns were not duly filed. The Court therefore lacks jurisdiction over the plaintiff's refund suit for tax years 2015 and 2016 and grants the defendant's motion to dismiss.

## I. BACKGROUND[1]

The plaintiff is a U.S. citizen. In 2015 and 2016 he lived in employer-provided lodging in Australia while working for a defense contractor. (ECF 1, ¶¶ 3, 32, 51.) While living in Australia, the plaintiff filed timely Form 1040 U.S. Income Tax Returns for tax years 2015 and 2016 on April 15, 2016, and April 15, 2017, respectively. (ECF 25, Decl. of Kerry J. Mills ("Mills Decl.") ¶¶ 2-3; *see also* ECF 24-2, Exs. 1-2.) The plaintiff paid $10,950.00 in income tax in 2015 and $1,764.00 in income tax in 2016. (ECF 1, ¶ 44.)

In 2018, the plaintiff hired a tax-consulting firm, Castro & Co., LLC, to review his tax returns and to prepare amended returns. (*Id.* ¶ 45.) Castro & Co. determined that the plaintiff was entitled both to an FEIE and to a tax exclusion for employer-provided lodging. (*Id.* ¶ 46.) The plaintiff had not claimed either exclusion on his original 2015 and 2016 tax returns. (*Id.*) Based on this assessment, the plaintiff sought to amend his returns.

The plaintiff, now claiming entitlement to an FEIE and an employer-provided lodging exclusion, has twice filed amended returns for tax years 2015 and 2016.

### A. First Amended Returns

On November 29, 2018, the plaintiff filed Form 1040X, U.S. Amended Income Tax Returns, for both tax years 2015 and 2016 ("first amended returns"), claiming a refund of $10,950.00 and $1,764.00, respectively. (*Id.* ¶ 47; *see also* ECF 24-2, Ex. 5; ECF 24-3, Ex. 7.) Because he was living in Australia when he filed his first amended returns, the plaintiff did not sign them. (Mills Decl. ¶ 5; *see also* ECF 24-2, Ex. 5 at A-083; ECF 24-3, Ex. 7 at A-179.) Instead, Tiffany Michelle Hunt, an associate of Castro & Co., signed her name on both the 2015 and 2016 amended returns on each return's line designated for the taxpayer's sworn signature in

---

[1] In considering the defendant's motion to dismiss, the Court assumes the facts alleged in the plaintiff's complaint to be true. (ECF 1.) This summary of the facts does not constitute findings of fact but is simply a recitation of the plaintiff's allegations.

the jurat.² (*See* ECF 24-2, Ex. 5 at A-083; ECF 24-3, Ex. 7 at A-179.) The name "John Anthony Castro," of Castro & Co., was typed on the line designated for the preparer's signature. (*See* ECF 24-2, Ex. 5 at A-083; ECF 24-3, Ex. 7 at A-179.) The plaintiff did not include a power of attorney with these first amended returns. (*See* ECF 24-2, Ex. 5; ECF 24-3, Ex. 7.)

Several months after filing the first amended returns, the plaintiff filed a Form 2848, Power of Attorney and Declaration of Representative, that he signed on January 31, 2019. (Mills Decl. ¶ 6; *see also* ECF 24-3, Ex. 9.) On his Form 2848, the plaintiff indicated his authorization for John Anthony Castro, Tiffany Michelle Hunt, and Kasondra Kay Humphreys to represent him before the IRS. (Mills Decl. ¶ 6; *see also* ECF 24-3, Ex. 9.) Although the plaintiff gave these three representatives authority to act on his behalf for income-tax matters, he did not check the box in Part 5a of Form 2848 providing them with the authority to "[s]ign a return." (ECF 24-3, Ex. 9 at A-276.) The plaintiff signed the power of attorney form with his handwritten signature. (*See id.* at A-277.)

### B. Second Amended Returns

In a letter dated August 20, 2019, the IRS advised the plaintiff that the first amended returns did "not appear to have your signatures" and that it did "not appear that you have authorized a representative to sign a return on your behalf." (ECF 24-3, Ex. 11 at A-280.) The IRS requested the plaintiff submit 1040X forms bearing original signatures. (*Id.*)

In response to the IRS's request, on August 27, 2019, the plaintiff again filed Form 1040X, U.S. Amended Income Tax Returns, for tax years 2015 and 2016 ("second amended returns"). (ECF 1, ¶ 47; *see also* ECF 24-3, Exs. 6 & 8.) At the time of filing, the plaintiff was deployed by his employer to Afghanistan without an easily accessible unclassified printer to print, sign by hand, and scan the documents. (Mills Decl. ¶¶ 9-11.) Instead of signing the forms by hand, the plaintiff attests that he electronically "signed" each Form 1040X with his initials, "KJM." (*Id.* ¶ 11; *see also* ECF 24-3, Ex. 6 at A-176, Ex. 8 at A-275.) He attests that he intended the digital markings to be his signature and to bind him to the second amended returns. (Mills Decl. ¶ 11.)

---

² The "jurat" is the line on the return for the taxpayer's signature directly under the statement, "Under penalties of perjury, I declare . . . ." *See Sloan v. Comm'r*, 53 F.3d 799, 799-800 (7th Cir. 1995), *cert. denied*, 516 U.S. 897 (1995).

3

The jurat on the 2015 second amended return has the following digital markings:

> **Sign Here**
> Remember to keep a copy of this form for your records.
> Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.
>
> ▶ *[signature]*    8/27/19    ▶ _____
> Your signature    Date    Spouse's signature. If a joint return, **both must sign.** Date
>
> **Paid Preparer Use Only**
> ▶ JOHN ANTHONY CASTRO    08/27/19    CASTRO & CO., LLC
> Preparer's signature    Date    Firm's name (or yours if self-employed)
>
> JOHN ANTHONY CASTRO    1701 PENNSYLVANIA AVE NW STE 300
>    WASHINGTON, DC 20006
> Print/type preparer's name    Firm's address and ZIP code
> 7079    ☐ Check if self-employed    202-792-6600    2823
> PTIN    Phone number    EIN
> 610702
> 01-27-16    For forms and publications, visit IRS.gov.    Form **1040X** (Rev. 1-2016)

(ECF 24-3, Ex. 6 at A-176.)

The jurat on the 2016 second amended return has the following digital markings:

> Remember to keep a copy of this form for your records.
> Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.
>
> **Sign Here**
> ▶ *[signature]*    8/27/19    ▶ _____
> Your signature    Date    Spouse's signature. If a joint return, **both must sign.** Date
>
> **Paid Preparer Use Only**
> ▶ JOHN ANTHONY CASTRO    08/27/19    CASTRO & CO., LLC
> Preparer's signature    Date    Firm's name (or yours if self-employed)
>
> JOHN ANTHONY CASTRO    1701 PENNSYLVANIA AVE NW STE 300
>    WASHINGTON, DC 20006
> Print/type preparer's name    Firm's address and ZIP code
> 7079    ☐ Check if self-employed    202-792-6600    2823
> PTIN    Phone number    EIN
> 610702
> 01-12-17    For forms and publications, visit IRS.gov.    Form **1040X** (Rev. 1-2017)

(*Id.*, Ex. 8 at A-275.)[3]

---

[3] The plaintiff also filed a new Form 2848. (ECF 24-3, Ex. 10.) At oral argument, the plaintiff's counsel clarified that the plaintiff does not rely on the power of attorney to support his claim. Accordingly, the Court does not further consider the power of attorney.

4

### C. Procedural History

On August 19, 2019, the plaintiff filed a complaint in this court seeking a tax refund for tax years 2015 and 2016. *Mills v. United States*, No. 19-1223T (Fed. Cl.), ECF 1. As noted above, on the following day, August 20, 2019, the IRS sent the plaintiff the letter informing him of the defects in his first amended tax returns; namely, the first amended tax returns were not signed by the plaintiff, and the plaintiff had not authorized a representative to sign for him. (ECF 24-3, Ex. 11 at A-280.) The plaintiff then filed his second amended returns with the IRS. Because he had filed his case in this court before correcting the defects in his first amended returns, the plaintiff moved for a voluntary dismissal. *Mills*, No. 19-1223T, ECF 17. On March 30, 2020, the court granted his motion and dismissed the plaintiff's case without prejudice. *Id.*, ECF 18.

On April 13, 2020, the plaintiff again filed a complaint in this court seeking a tax refund, plus interest, for tax years 2015 and 2016. (ECF 1.) Based on the second amended returns, the plaintiff alleges that he is entitled to claim an FEIE and an income exclusion for his employer-provided lodging. (*Id.* ¶¶ 53, 57-58.) The IRS has not taken any action regarding the plaintiff's second amended returns. (ECF 24 at 14.)

The defendant has moved to dismiss for lack of subject-matter jurisdiction. (ECF 24.) The matter has been fully briefed, and the Court heard oral argument on June 24, 2021.

## II. STANDARD OF REVIEW

The defendant has moved to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction under RCFC 12(b)(1). To determine jurisdiction, the "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the government does not controvert are accepted as true. *Shoshone Indian Tribe of Wind River Rsrv. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012). A court is not "'restricted to the face of the pleadings'" in resolving disputed jurisdictional facts. *Id.* (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994)). Rather, a court may review evidence outside the pleadings to determine whether it has jurisdiction. *Id.*

If the Court finds that it lacks subject-matter jurisdiction over a plaintiff's claim, RCFC 12(h)(3) requires the Court to dismiss the claim.

## III. JURISDICTION

For this court to have jurisdiction over a tax-refund suit, the plaintiff's refund claim must have been "duly filed":

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been

> erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*

I.R.C. § 7422(a) (emphasis added).[4] This section "imposes, as a jurisdictional prerequisite to a refund suit, filing a refund claim with the IRS that complies with IRS regulations." *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994).

The plaintiff's amended tax returns themselves are the refund claims in this case. *See Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2012) (noting that "a tax return can itself constitute an administrative claim for refund"). The plaintiff's tax returns must still satisfy applicable Treasury regulations. *Id.*; *see also Chicago Milwaukee Corp.*, 40 F.3d at 374.

The defendant argues that the Court lacks subject-matter jurisdiction over the plaintiff's complaint because his refund claims were not duly filed. Specifically, the defendant argues that the plaintiff did not sign the 2015 and 2016 second amended returns, as required under Treasury Regulation § 301.6402-2.[5]

Treasury Regulation § 301.6402-2 requires verification of a refund claim by written declaration under penalty of perjury. Treas. Reg. § 301.6402-2(b)(1). Because "[a] claim which does not comply with [§ 301.6402-2(b)(1)] will not be considered for any purpose as a claim for refund or credit," a claim failing the verification requirement cannot be considered "a claim for refund or credit [that] has been duly filed with the Secretary." *See id.*; I.R.C. § 7422(a); *see, e.g.*, *Gregory v. United States*, 149 Fed. Cl. 719, 723 (2020) (requiring compliance with § 301.6402-2(b)(1) for a claim to be duly filed).

For a refund claim to support subject-matter jurisdiction, this court has consistently found that § 301.6042-2 requires that either (1) the taxpayer sign the underlying refund claim under penalty of perjury or (2) the taxpayer's agent sign the underlying refund claim pursuant to a valid power of attorney. *See e.g.*, *Gregory*, 149 Fed. Cl. at 723; *Clark v. United States*, 149 Fed. Cl. 409, 414 (2020); *Hall v. United States*, 148 Fed. Cl. 371, 377 (2020); *Dixon v. United States*, 147 Fed. Cl. 469, 474-75 (2020), *appeal dismissed*, No. 2020-1584, 2020 WL 8918515 (Fed. Cir. Sept. 21, 2020). The second option, which requires a valid power of attorney, does not apply in this case.

---

[4] The abbreviation "I.R.C." refers to the Internal Revenue Code, codified at Title 26 of the United States Code.

[5] "Treasury Regulation," abbreviated in citations as "Treas. Reg.," refers to Title 26 of the Code of Federal Regulations.

The parties agreed at oral argument that for the plaintiff's second amended returns to have been duly filed, the plaintiff's method of signing must have been expressly authorized by the IRS; they agree that it is not enough that the plaintiff's electronic marking of his second amended returns was not expressly forbidden. Thus, to support subject-matter jurisdiction in this court, the plaintiff must demonstrate that he used an authorized method of signing his refund claim.

1. **Signature**

As noted, a refund claim, such as the second amended returns at issue in this case, "must be verified by a written declaration that it is made under the penalties of perjury." Treas. Reg. § 301.6402-2(b); *see also* I.R.C. § 6065 (requiring that returns "be verified by a written declaration that it is made under the penalties of perjury"). Specifically, a tax return must "be signed in accordance with forms or regulations prescribed by the Secretary." I.R.C. § 6061(a). The IRS's long-standing position is that I.R.C. §§ 6061 and 6065 require original signatures for amended returns. *See* Rev. Proc. 84-9, 1984-1 C.B. 375, § 17.05 (1984). The IRS has provided little guidance on what constitutes a signature. *See*, *e.g.*, Treas. Reg. § 1.6061-1(a) (providing only that "[e]ach individual . . . shall sign the income tax return required to be made by him"). The Internal Revenue Code likewise does not define "sign" or "signature."

Electronic signatures further complicate matters. Since 1998, the Internal Revenue Code has directed the Secretary to develop procedures to accept electronic signatures and, until the Secretary does so, to provide guidance on electronic signing of returns and other documents:

> (b) Electronic signatures.--
>
> (1) In general.--The Secretary shall develop procedures for the acceptance of signatures in digital or other electronic form. Until such time as such procedures are in place, the Secretary may--
>
> (A) waive the requirement of a signature for; or
>
> (B) provide for alternative methods of signing or subscribing,
>
> a particular type or class of return, declaration, statement, or other document required or permitted to be made or written under internal revenue laws and regulations.

I.R.C. § 6061(b)(1).[6] Although the Secretary had developed procedures for signing a variety of tax forms electronically, after more than 20 years since Congress directed the IRS to develop

---

[6] Congress enacted I.R.C. § 6061(b)(1) as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685 (1998). Section 6061(b)(1) remains unchanged from its 1998 form.

7

procedures to accept electronic signatures, the Secretary had, until recently, not developed these procedures for amended tax returns.[7]

The instructions on the IRS's forms provide relevant guidance on their proper submission. Treas. Reg. § 301.6061-1(b) ("The Secretary may prescribe *in forms, instructions, or other appropriate guidance* the method of signing any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations." (emphasis added)); *see Fowler v. Comm'r of Internal Revenue*, No. 12810-18, 2020 WL 5414861, at *4-5 (T.C. Sept. 9, 2020) (looking to the instructions on Form 1040 itself to determine what constitutes a valid electronic signature). The instructions for filing Form 1040 tax returns for tax years 2015 and 2016 permit electronic signatures with a personal identification number, but the instructions for filing the relevant Form 1040X amended tax returns in those years are silent on whether electronic signatures are authorized.[8]

The plaintiff argues that he did sign the second amended returns under penalty of perjury, as required by Treasury Regulation § 301.6402-2(b). He relies on the definition of "signature" found at 1 U.S.C. § 1: "'signature' or 'subscription' includes a mark when the person making the same intended it as such." 1 U.S.C. § 1.[9] At the time that he filed his second amended returns, the plaintiff was working in Afghanistan. (Mills Decl. ¶ 9.) Without an easily accessible unclassified printer to print, sign by hand, and scan the documents, the plaintiff attests that he electronically signed the form with his initials, "KJM," and intended those digital markings to be

---

[7] It appears that the IRS began accepting electronic filing of amended returns in 2020. *See Now Available: IRS Form 1040-X Electronic Filing*, IR-2020-182 (Aug. 17, 2020), *available at* https://www.irs.gov/newsroom/now-available-irs-form-1040-x-electronic-filing. The initial phase is limited to amendments to tax year 2019 Form 1040 and 1040-SR returns, *id.*, so the new procedures are not applicable to the plaintiff's second amended returns.

[8] The relevant Form 1040 and Form 1040X instructions are available online: https://www.irs.gov/pub/irs-prior/p17--2015.pdf (2015 1040); https://www.irs.gov/pub/irs-prior/p17--2016.pdf (2016 1040); https://www.irs.gov/pub/irs-prior/i1040x--2016.pdf (2016 1040X); https://www.irs.gov/pub/irs-prior/i1040x--2017.pdf (2017 1040X). The plaintiff filed his second amended returns on the 2016 and 2017 1040X forms, the relevant forms for amending 2015 and 2016 tax returns. (*See* ECF 24-3, Exs. 6 & 8.)

[9] In arguing that the plaintiff's initials do not constitute a signature, the defendant cites only the eleventh edition of *Merriam-Webster's Collegiate Dictionary*, which defines "signature" as "'the name of the person written with his or her own hand.'" (ECF 24 at 20 (citing *Merriam-Webster's Collegiate Dictionary* (11th ed. 2003)).) This definition appears to be cherry-picked. *See Signature*, *Black's Law Dictionary* (11th ed. 2019) ("A person's name *or mark* written by that person or at the person's direction" (emphasis added)); *Signature*, *Oxford English Dictionary*, (3rd ed. 2011) ("A person's name written (esp. in a distinctive way) so as to authenticate a document, authorize a transaction, or identify oneself as the writer or sender of a letter. Also: *a distinctive mark or cross serving this purpose*." (emphasis added)).

8

his signature and to bind him to the second amended returns. (*Id.* ¶¶ 9-11; *see also* ECF 24-3, Ex. 6 at A-176, Ex. 8 at A-275.) Although the plaintiff argues that, as a matter of policy, he should be allowed to submit an electronic signature in his unique situation, he cannot point to any source of law authorizing him to do so.

The plaintiff also relies on the definition of electronic signature in the Government Paperwork Elimination Act ("GPEA"), Pub. L. No. 105-277, §§ 1701-10, 112 Stat. 2681 (1998). The GPEA provides that "[t]he term 'electronic signature' means a method of signing an electronic message that—(A) identifies and authenticates a particular person as the source of the electronic message; and (B) indicates such person's approval of the information contained in the electronic message." GPEA § 1710. The plaintiff cites a 2016 IRS Chief Counsel Advisory that provided that digital signatures are legally sufficient under the GPEA and I.R.C. § 6061(b)(1), the provision directing the Secretary to develop procedures for accepting signatures in digital or other electronic form. Electronic Signatures & Form 2678, IRS CCA 201650019 (Dec. 9, 2016).

The Court, however, finds that I.R.C. § 6061(b)(1) does not, on its own, authorize the plaintiff's digital markings as a signature. Until the Secretary establishes procedures for digital or electronic signing, the Secretary *may*, but is not required to, waive the signature requirement or provide alternative methods of signing. I.R.C. § 6061(b)(1). The plaintiff has not pointed to any waiver or alternative method authorizing him to sign his second amended returns with digital markings as a signature. Similarly, 1 U.S.C. § 1 does not determine the meaning of signature in I.R.C. § 6061. The definition of "signature" in 1 U.S.C. § 1 applies "unless the context indicates otherwise." 1 U.S.C. § 1. Context indicates otherwise here; in fact, I.R.C. § 6061(b)(1) expressly governs electronic signatures on tax returns. *See First Nationwide Bank v. United States*, 431 F.3d 1342, 1348 (Fed. Cir. 2005) ("As a principle of statutory interpretation, a specific provision prevails against broader or more general provisions, absent clear contrary intent."). Under I.R.C. § 6061(b)(1), the plaintiff cannot digitally mark a tax return as a signature without a waiver or prescribed alternative method of signing.

The plaintiff's reliance on the GPEA and the Chief Counsel Advisory is likewise misplaced. As the plaintiff admits, the GPEA does not apply to the IRS. *See* GPEA § 1709 (providing explicitly that the GPEA does not apply to the Department of the Treasury or the IRS). As for the Chief Counsel Advisory, it "may not be used or cited as precedent." IRS CCA 201650019; *see* I.R.C. § 6110(k)(3) ("Unless the Secretary otherwise establishes by regulations, a written determination may not be used or cited as precedent.").

Not only may the Chief Counsel Advisory not be relied on as precedent, but it also did not consider the question of electronic signatures on tax returns. *See generally* IRS CCA 201650019. The Advisory examined "whether the Service may accept a Form 2678, *Employer/Payer Appointment of Agent*, that displays an electronic signature." *Id.* (italics in original). Its conclusion cuts against the plaintiff's argument. The Advisory concluded that the IRS should not accept electronic signatures without published guidance:

> It is our view that an electronic signature should only be accepted by the Service when there are published guidance or [Internal Revenue Manual ("IRM")] provisions that specifically authorize use

> of an electronic signature for the specific form involved. Since there is no guidance or IRM provisions authorizing the use of an electronic signature on Forms 2678, we recommend that the Service not accept Forms 2678 signed electronically until the Service authorizes its use for Forms 2678 either in published guidance or in the IRM.

*Id.*

The plaintiff here has not cited any provision, in the IRM or otherwise, that authorized the use of an electronic signature on Form 1040X amended returns at the time he filed his second amended returns. That the plaintiff is unable to do so is not surprising. Electronic signatures are required for documents that may be submitted in electronic format; forms that have traditionally been filed in paper format must always have a handwritten signature.

The IRS had not established procedures for accepting electronic signatures on hard-copy amended returns, had not waived the signature requirement, and had not prescribed an alternative method of signing at the time the plaintiff filed his amended returns. Accordingly, the plaintiff's digital markings on his second amended returns do not meet the requirement that his returns "be signed" and, as a refund claim, "be verified by a written declaration that it is made under the penalties of perjury." I.R.C. § 6061(a); Treas. Reg. § 301.6402-2(b).

### 2. Not Duly Filed

In sum, the plaintiff did not verify his 2015 or 2016 second amended returns under penalties of perjury in a manner that satisfies the requirements of Treasury Regulation § 301.6402-2. He did not use an authorized method of signing the returns, so the plaintiff's second amended returns were not "duly filed." *See* I.R.C. § 7422(a). Accordingly, the Court lacks subject-matter jurisdiction over the plaintiff's case.[10]

---

[10] The defendant also argues that the timing of the 2015 second amended return was outside of the period of limitations under I.R.C. § 6511(a). (ECF 24 at 22.) Finding that the 2015 second amended return was not duly filed because it was not signed, the Court does not reach the timeliness issue.

## IV. CONCLUSION

The plaintiff's refund claims were not duly filed with the IRS, as required to establish jurisdiction in this court. The first amended returns were defective because an unauthorized representative signed the returns instead of the plaintiff, and, although the plaintiff sought to cure the defect, the second amended returns were similarly defective. Both the 2015 and 2016 second amended returns were not sufficiently verified under penalty of perjury because, under the applicable statutes and regulations, the plaintiff's digital marks do not constitute signing the returns. This result here is admittedly harsh. Mr. Mills was working overseas under difficult circumstances and made demonstrable efforts to sign the returns as best he could. The IRS could have accepted his digital initials as an appropriate signature but chose not to do so. If it is to process millions of tax-forms each year, the IRS may insist on strict compliance with its procedural requirements. The plaintiff's second amended returns did not comply with IRS requirements and were therefore not duly filed. Under these facts, the Court lacks jurisdiction over the plaintiff's refund suit and must dismiss the complaint.

The defendant's motion to dismiss is granted.

The Court will issue an order in accordance with this memorandum opinion.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**